**K&L GATES**

April 18, 2022

Paul M. Eckles
paul.eckles@klgates.com

T +1 843 579 5605

<u>VIA ECF</u>

The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom: 4B South

**Re: Dreamr Labs Limited v. Delchain Limited, et al., Case No. 22-cv-1332-DG-TAM**

Dear Judge Gujarati:

Pursuant to Your Honor's Local Rules, Defendants Delchain Limited ("Delchain") and Deltec Bank & Trust Limited ("Deltec"), write to request a pre-motion conference with respect to a proposed motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.

Plaintiff Dreamr Labs Limited ("Plaintiff" or "Dreamr") is a fledgling corporation that has issued digital assets. Delchain "is a full-service multi-currency banking asset management, trading and advisory firm that supports blockchain companies and is an entity incorporated under the laws of the Bahamas." (Compl. ¶ 2.) Deltec "is a licensed and regulated financial services institution incorporated under the laws of the Bahamas, and the parent company of Delchain." (Id. ¶ 3.) Both Delchain and Deltec are registered and licensed to do business in the Bahamas. Plaintiff hired Defendants to assist with the launch of a new crypto-token called "Dreamr Tokens," a digital asset. Plaintiff seeks damages against Delchain, Deltec, and other Defendants based on the fact that the value of its Dreamr Tokens has dropped substantially. The launch of Dreamr Tokens was not successful for multiple reasons, including Plaintiff's own ill-advised decisions and the lack of a market for its digital assets. Defendants will address the merits of Plaintiff's claims (if necessary) at the appropriate time and in the appropriate forum.[1] All that matters for purposes of Defendants' motion, however, is that Plaintiff alleges no basis for subject matter jurisdiction, no basis for personal jurisdiction over Delchain or Deltec, and no basis for venue in this District.

---

[1] Plaintiff's claims are covered by a binding arbitration agreement that requires arbitration of this dispute in the Bahamas. Given the lack of subject matter jurisdiction, Defendants do not intend to brief the arbitration issue in this Motion. Defendants reserve the right to file a motion compelling arbitration in the event this litigation continues or Plaintiff initiates other litigation in the United States.

312266106.1

### Plaintiff Alleges No Basis for Subject Matter Jurisdiction

Plaintiff relies solely on diversity jurisdiction as a basis for subject matter jurisdiction. (Plaintiff does not assert any federal law claims or allege any other basis for subject matter jurisdiction.) As the basis for diversity jurisdiction, Plaintiff alleges that its principal place of business is New York and that New York is not the principal place of business or residence of any Defendant. (Compl. π 7.) Plaintiff simply ignores where all the corporate parties are incorporated in its jurisdictional allegations. Significantly, in the parties section of its complaint, Plaintiff alleges that it "is an entity incorporated under the laws of the Bahamas." (Compl. π 1.) It further alleges that multiple defendants are also foreign corporations, including that Delchain is incorporated in the Bahamas (*id.* π 2), Deltec is incorporated in the Bahamas (*id.* π 3), and Defendant Suisse Finance Holdings "is a Swiss-domiciled company with offices located in Lugano, Switzerland" (*id.* π 5).

In sum, Plaintiff admits that it and numerous Defendants are all alien corporations. It is black letter law that having an alien plaintiff corporation and an alien defendant corporation defeats diversity jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 (1999) ("[t]he foreign citizenship of defendant Ruhrgas, a German corporation, and plaintiff Norge, a Norwegian corporation, rendered diversity incomplete"). *See, e.g.*, *Tagger v. Strauss Group Ltd.*, 951 F.3d 124 (2d Cir. 2020) ("federal courts do not have diversity jurisdiction over lawsuits between two foreign parties"); *IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1015 (2d Cir. 1975) ("As is evident from a brief recital of the facts, this action is between two foreign litigants and so diversity jurisdiction cannot be sustained."). Given the lack of diversity between Plaintiff and multiple Defendants, the entire complaint should be dismissed for lack of subject matter jurisdiction.

### Plaintiff Alleges No Basis for Personal Jurisdiction Over Deltec and Delchain

Plaintiff bears the burden of demonstrating that the Court has jurisdiction over each Defendant. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). Despite that burden, Plaintiff fails even to attempt to allege a basis for personal jurisdiction over Deltec and Delchain (or any other Defendant). Deltec and Delchain are both incorporated and have their principal places of business in the Bahamas so there is no basis for general jurisdiction. (Compl. ππ 2-3, 7.) *See Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). Even in cases where foreign banks had substantial operations in New York, including a branch, general jurisdiction has been rejected where the bank was incorporated and headquartered elsewhere. *See, e.g., Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (declining to find that a foreign bank was subject to general jurisdiction in New York, despite the existence of a New York branch, because it was incorporated and headquartered elsewhere). In this case, neither Delchain nor Deltec engage in business in New York, and, further, as a matter of policy, do not accept customers located in New York. There are no contacts whatsoever that would provide a basis for general jurisdiction over Delchain or Deltec.

Plaintiff also fails even to attempt to allege a basis for specific jurisdiction. To satisfy New York's Long Arm Statute, Plaintiff must allege that Defendants transacted business in the jurisdiction and Plaintiff's cause of action *arises* from that transaction of business. *Berdeaux v.*

*Onecoin Ltd.*, __ F. Supp. 3d __, 2021 WL 4267693, at *9 (S.D.N.Y. 2021).  That requires showing that Defendants "purposefully avail" themselves of the privilege of conducting activities within New York.  *Id.*  Under minimum contacts analysis, the forum must be the "focal point" or "nucleus" of Plaintiff's underlying claim, *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 340 (2d Cir. 2016), and specific allegations must link the elements of Plaintiff's claims to the forum.  *See Sullivan v. Barclays PLC,* 2017 WL 685570, at *45 (S.D.N.Y. Feb. 21, 2017).

Where, as here, the alleged wrongful conduct occurs outside the forum, Plaintiff must show minimum contacts with the forum by alleging purposeful direction, or that "the defendant took 'intentional, and allegedly tortious, actions . . . expressly aimed' at the forum" and that its claims arise from those actions.  *In re Terrorist Attack*s, 714 F. 3d 659, 674 (2d Cir. 2013) (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 173 (2d Cir. 2013) (the exercise of personal jurisdiction is only constitutionally permissible if the defendant expressly aimed its conduct at the forum).

Here, all of the relevant events took place in the Bahamas (or another foreign jurisdiction).  Plaintiff is incorporated in the Bahamas and alleges that it opened a bank account with Deltec (in the Bahamas) and an account with Delchain in which it stored Dreamr Tokens (in the Bahamas) under the custody of Deltec (in the Bahamas).  (Compl. ππ 17, 34.)  Any alleged agreements and business dealings between Plaintiff and Defendants occurred entirely outside of New York.  At bottom, Plaintiff seeks to compel Deltec and Delchain to litigate these issues in New York based solely on the allegation that Plaintiff purportedly has an office in New York.  But "[t]he activities of plaintiffs or third parties alone will not confer jurisdiction, and the court's analysis is directed to the defendant's contacts with the forum itself and 'not the defendant's contacts with persons who reside there.'"  *Sullivan,* 2017 WL 685570, at *43* (citation omitted).  The fact that Plaintiff claims to have an office in New York and claims it has suffered some injury is *per se* insufficient to confer jurisdiction over Defendants.  *See, e.g., Berdeaux*, 2021 WL 4267693, at *14 (S.D.N.Y. 2021) ("Plaintiffs ignore a wealth of precedent holding that the situs of an economic injury is not where the injured party feels the ultimate effect of the injury on account of his or her residence.").  To support a claim of specific jurisdiction, Plaintiff must plausibly allege that Defendants directed their conduct at New York—a standard that has not been (and cannot be) met here.

### Plaintiff Alleges No Basis for Venue in this District

Plaintiff does not identify any Defendant located in the District or allege any events that took place in the District.  In fact, it is not even clear that Plaintiff has any connection to the District.  Although it alleges that it has an office in Brooklyn, it did not file an Application with the New York Department of State to do business in New York as a foreign corporation until after it filed its Complaint.  (Ex. A)  Plaintiff states in its March 23, 2022 Application that "[t]he foreign corporation has not since its incorporation engaged in any activity in this state," which contradicts allegations in its Complaint.  (*Id.*)  (As a matter of public record, the Court can take judicial notice of Plaintiff's Application.)  Plaintiff's Application also states that its office in the State is located in Rockland County, which falls within the Southern District of New York.  (*Id.*)  As a result, there is also no basis for venue in this District.

Dated: April 18, 2022　　　　　　　　　　Respectfully submitted,

                                             By: /s/ Paul M. Eckles
                                                Paul M. Eckles, Bar No. 4177770
                                                K&L GATES LLP
                                                134 Meeting Street
                                                Suite 500
                                                Charleston, South Carolina  29401
                                                Paul.Eckles@klgates.com
                                                Telephone:  +1 843 579 5600
                                                Facsimile:  +1 843 579 5601

                                                A. Lee Hogewood III
                                                K&L Gates LLP
                                                4350 Lassiter at North Hills Avenue
                                                Suite300
                                                P.O. Box 17047
                                                Raleigh, North Carolina 27619
                                                A.Lee.HogewoodIII@klgates.com
                                                Telephone:  (919) 743-7300
                                                Facsimile:  (919) 743-7301

                                                *Attorneys for Defendants Delchain*
                                                *Limited & Deltec Bank & Trust Limited*

cc:  All counsel of record (via ECF)

312266106.1

# Exhibit A

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for DREAMR LABS LTD., File Number 220324002821 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on March 29, 2022.

Brendan C. Hughes
Executive Deputy Secretary of State

Authentication Number: 100001305551 To Verify the authenticity of this document you may access the Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

## APPLICATION FOR AUTHORITY

## OF

## Dreamr Labs Ltd.

Under Section 1304 of the Business Corporation Law

**FIRST:** The name of the corporation is: Dreamr Labs Ltd.

**SECOND:** The jurisdiction in which the corporation was organized is: Bahamas. The date of its incorporation is: 3/12/2021.

**THIRD:** This corporation is formed to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law, provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

**FOURTH:** The county within this state in which the office of the corporation is to be located is: Rockland.

**FIFTH:** The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process served against him or her is:
c/o Vcorp Agent Services, Inc.
25 Robert Pitt Drive, Suite 204
Monsey, New York 10952

**SIXTH:** The foreign corporation has not since its incorporation engaged in any activity in this state.

_/s/ William Zayac_
William Zayac, Authorized
Representative

Filed with the NYS Department of State on 03/23/2022
Filing Number: 220324002821 DOS ID: 6439362



# Commonwealth of The Bahamas

THE INTERNATIONAL BUSINESS COMPANIES ACT 2000

IBC 08

CH. 309 Statute Laws of The Commonwealth of The Bahamas

## Certificate of Good Standing

(Section 189)

### DREAMR LABS LTD.

No. 206478 B

I, CAMILLE GOMEZ-JONES, Registrar General of the Commonwealth of The Bahamas,

DO HEREBY CERTIFIES THAT

1. The above Company was duly active under the provisions of the International Business Companies Act 2000 Statute Laws of the Commonwealth of The Bahamas on the  12th day of March, 2021  as the Company No. 206478  of the Register of International Business Companies.
2. The name of the Company is still on the Register of International Business Companies and the Company has paid all fees, licence fees and penalties due and payable under the provisions of Sections 175 and 194 of the said Act.
3. The Company has not submitted Articles of Merger or Consolidation that have not yet been effective.
4. The Company has not submitted Articles of Arrangement that has not yet been effective.
5. The Company is not in the process of being wound up and dissolved.
6. No proceedings have been instituted to strike the name of the Company off the said Register.
7. Insofar is evidenced by the documents filed with this Office the Company is in good legal standing.

Authentication CodexwGQNYF7c416



Given under my hand and the seal of office at Nassau in the Commonwealth of The Bahamas this 18th day of March, 2022

Registrar General

Filed with the NYS Department of State on 03/23/2022
Filing Number: 220324002821 DOS ID: 6439362

APPLICATION FOR AUTHORITY

OF

Dreamr Labs Ltd.

Under Section 1304 of the Business Corporation Law

Filed by:

Vcorp Services, LLC
25 Robert Pitt Drive, Suite 204
Monsey, New York 10952
Cust. Ref.#30958470

DRAWDOWN ACCOUNT #HD

Filed with the NYS Department of State on 03/23/2022
Filing Number: 220324002821 DOS ID: 6439362